IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| SHAFIK WASSEF, M.D.,<br><br>    Plaintiff,<br><br>v.<br><br>KENT M. NEBEL,<br>In his Official Capacity as Executive Director<br>of the Iowa Board of Medicine, and<br><br>THOMAS J. MILLER<br>In his Official Capacity as Attorney General<br>of the State of Iowa,<br><br>    Defendants. | Case No.: _____<br><br><br>COMPLAINT FOR<br>DECLARATORY JUDGMENT AND<br>INJUNCTIVE RELIEF (ONLY) |

COMES NOW the Plaintiff, Shafik Wassef, M.D., by and through the undersigned counsel, and for his Complaint for Declaratory Judgment and Injunctive Relief (only) respectfully states as follows:

## INTRODUCTION

1. On October 22, 2018, an investigator for the Iowa Board of Medicine ("the Board") sent a letter to Dr. Wassef notifying him that it was investigating a complaint regarding his alleged unauthorized access to medical records while he was a resident physician studying and working at the University of Iowa Hospitals and Clinics in Iowa City, Iowa.

2. Between his receipt of the letter from the Board notifying him of the investigation, Dr. Wassef, both directly and by and through legal counsel, provided staff members of the Board, including Defendant Kent M. Nebel, its Executive Director, and investigators who report to him, extensive and detailed information directly responding to the complaint and explaining the reasons for his access to the medical records, for legitimate purposes.

3. On February 18, 2021, however, the Board filed a "Statement of Charges" accusing Dr. Wassef of violations of Iowa Code § 148.6(2)(i) and Iowa Administrative Code, Chapter 653 (653 IAC 23.1(10)).

4. On April 5, 2021, Dr. Wassef, by and through his counsel of record, filed an Answer expressly denying the disciplinary charges asserted against him and also asserting, as an affirmative defense, various due process violations in connection with the Board's investigation.

5. Under Iowa law, the filing of a Statement of Charges by the Board against a physician who is, or was, licensed in the State of Iowa initiates a "contested case" proceeding, pursuant to the Iowa Administrative Code, Chapter 653 (653 IAC 25-1 to 653 IAC 25-33). Contested cases are considered administrative proceedings subject to Iowa Code Chapter 17A, ("Iowa Administrative Procedure Act"), including Iowa Code § 17A.12 ("Contested Cases").

6. When a Statement of Charges is filed by the Board, the disciplinary charges against the physician are prosecuted in the contested case by the Attorney General's office, including lawyers under the direction and supervision of the Attorney General of the State of Iowa, Defendant Thomas J. Miller.

7. After the Statement of Charges was filed, and a contested case was initiated, Dr. Wassef requested and received a copy of the Board's investigation file. The investigation file confirmed that the disciplinary charges asserted against him were based on alleged violations of the Health Insurance Portability and Accountability Act of 1996 (as amended) ("HIPAA"), *a federal law*.

8. Additionally, discovery responses received in the contested case confirmed that the disciplinary charges against Dr. Wassef are based on alleged violations of "45 C.F.R. sections 164.502; 164.508; 164.512; and 164.528," which codify patient privacy rules pursuant to HIPAA.

9. HIPAA (42 U.S.C. §§ 1320d-5, 1320d-6) expressly provides that determination of alleged violations of HIPAA and enforcement (including any criminal and civil remedies) is the exclusive responsibility of the United Stated Department of Health and Human Services ("DHHS"), a federal agency.

10. It is undisputed that DHHS has not made any determinations with regard to any alleged violations of HIPAA by Dr. Wassef.

11. Therefore, the filing of disciplinary charges against Dr. Wassef based on alleged violations of HIPAA, by the Iowa Board of Medicine, acting by and through its Executive Director, Defendant Kent M. Nebel, in his official capacity, and the ongoing prosecution of those disciplinary charges by the Attorney General's Office, acting by and through the Attorney General, Defendant Thomas J. Miller, in his official capacity, is directly contrary to, and in violation of, federal law.

## THE PARTIES

12. Plaintiff Shafik Wassef, M.D. is currently a resident of Alachua County, Florida and a citizen of the State of Florida. During the time period at issue with regard to the investigation and disciplinary charges described in this Complaint, Dr. Wassef was a resident physician at the University of Iowa Hospitals and Clinics in Iowa City, Iowa and had an active medical license in the State of Iowa. Dr. Wassef now has an active medical license in the State of Florida that may be adversely affected by the disciplinary charges pending against him in the contested case.

13. Defendant Kent M. Nebel is a citizen of the State of Iowa and currently serves as the Executive Director of the Iowa Board of Medicine ("the Board"). The claims for relief asserted against him in this case are expressly limited to prospective claims for declaratory judgment and injunctive relief, solely in his official capacity as Executive Director.

14. Pursuant to the Iowa Administrative Code, 653 IAC 1.3(6), the Executive Director of the Board is responsible for "staff supervision and delegation; administration and enforcement of the statutes and rules relating to the practice of medicine and surgery . . . issuance of subpoenas on behalf of the board or a committee of the board during the investigation of possible violations; [and] enunciation of policy on behalf of the board."

15. Defendant Thomas J. Miller is the duly elected Attorney General of the State of Iowa. The Attorney General's office is prosecuting the disciplinary charges against Dr. Wassef in the contested case at issue. All claims for relief asserted against him in this case are expressly limited to prospective claims for declaratory judgment and injunctive relief, solely in his official capacity as Attorney General.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the claims for relief asserted in Count I and Count II arise under federal law, and 28 U.S.C. § 1332, because complete diversity of citizenship exists. With regard to diversity of citizenship as an alternate basis for the exercise of jurisdiction, Dr. Wassef states that although this Complaint seeks only declaratory relief and injunctive relief, the value of his protected property interests in his medical license(s) and professional reputation far exceeds the minimum amount in controversy ($75,000) for exercise of jurisdiction based on diversity of citizenship.

17. Venue is proper in the United States District Court for the Southern District of Iowa (Central Division) pursuant to 28 USC § 1391 because, upon information and belief, it is the judicial district in which Defendant Kent M. Nebel and Defendant Thomas J. Miller both reside and the judicial district in which a substantial part of the events giving rise to the claims for relief asserted occurred.

## COUNT I

*REQUEST FOR DECLARATORY JUDGMENT
PURSUANT TO 28 USC § 2201 AND 28 USC § 2202*

18. Plaintiff Shafik Wassef, M.D. incorporates by reference Paragraph No. 1 through Paragraph No. 17 as if set forth in full.

19. Pursuant to 28 U.S.C. § 2201, this Court, "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought," and "[a]ny such declaration shall have the force and effect of a final judgment or decree and be reviewable as such."

20. In addition to declaratory judgment, pursuant to 28 U.S.C. § 2202, "[f]urther necessary or proper relief based on a declaratory judgment or decrees may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

21. Defendant Kent M. Nebel, acting in his official capacity as Executive Director of the Iowa Board of Medicine, has violated, and continues to violate, the Health Insurance Portability and Accountability Act of 1996 (as amended) ("HIPAA"), a federal law, by asserting and pursuing disciplinary charges against Dr. Wassef based on alleged violations of HIPAA and certain "patient privacy" rules developed pursuant to HIPAA (specifically, "45 C.F.R. sections 164.502; 164.508; 164.512; and 164.528"), contrary to 42 U.S.C. §§ 1320d-5 and 42 U.S.C. § 1320d-6, which expressly provide that determination of whether violations of HIPAA have occurred and, if so, whether any enforcement action is deemed necessary is the exclusive responsibility of the United Stated Department of Health and Human Services ("DHHS"), a federal agency.

22.     Defendant Thomas J. Miller, acting in his official capacity as Attorney General of the State of Iowa, has violated, and continues to violate, the Health Insurance Portability and Accountability Act of 1996 (as amended) ("HIPAA"), a federal law, by prosecuting disciplinary charges against Dr. Wassef based on alleged violations of HIPAA and certain "patient privacy" rules developed pursuant to HIPAA (specifically, "45 C.F.R. sections 164.502; 164.508; 164.512; and 164.528"), contrary to 42 U.S.C. §§ 1320d-5 and 42 U.S.C. § 1320d-6, which expressly provide that determination of whether violations of HIPAA have occurred and, if so, whether any enforcement action is deemed necessary, is the exclusive responsibility of the United Stated Department of Health and Human Services ("DHHS"), a federal agency.

23.     Dr. Wassef therefore seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201, that Defendant Kent M. Nebel and Defendant Thomas J. Miller, together with those persons acting under their direction and supervision, have acted, and are now acting, in violation of federal law with regard to the pending disciplinary charges against Dr. Wassef.

24.     Additionally, pursuant to 28 U.S.C. § 2202, Dr. Wassef seeks preliminary and permanent injunctive relief prohibiting Defendant Kent M. Nebel and Defendant Thomas J. Miller, together with those persons acting under their direction and supervision, from further and continuing violations of federal law.

WHEREFORE, for the reasons set forth, Plaintiff Shafik Wassef, M.D., respectfully requests entry of declaratory judgment pursuant to pursuant to 28 U.S.C. § 2201 and for further necessary and proper relief (specifically, preliminary and permanent injunctions) pursuant to 28 U.S.C. § 2202, as set forth above. Dr. Wassef further requests any other and additional relief that the Court deems just and equitable under the circumstances, subject to the express limitation of remedies set forth in this Complaint.

## COUNT II

### *VIOLATIONS OF PROCEDURAL DUE PROCESS, PURSUANT TO 28 U.S.C. § 1983*

25. Plaintiff Shafik Wassef, M.D., incorporates by reference Paragraph No. 1 through Paragraph No. 17, as if set forth in full.

26. The Due Process Clause of the Fourteenth Amendment of the Constitution of the United States of America prohibits the deprivation of any person's "life, liberty, or property, without due process of law."

27. Dr. Wassef has constitutionally protected property interests in his professional medical license(s) and his professional reputation.

28. Defendant Kent M. Nebel, acting in his official capacity as Executive Director of the Iowa Board of Medicine, has deprived, and is depriving, Dr. Wassef of his constitutionally protected property interests, under color of state law, by:

   a. Filing, or causing to be filed, on behalf of the Iowa Board of Medicine, a Statement of Charges asserting disciplinary charges against Dr. Wassef for violation of "patient privacy standards" based on alleged violations of HIPAA, when no such determination has been made by DHHS, which, under federal law, has exclusive jurisdiction to make such determinations, and with regard to which the Board has no statutory authority or subject matter jurisdiction.

   b. Publishing, or causing to be published, on behalf of the Iowa Board of Medicine, communications publicly accusing Dr. Wassef of violation of "patient privacy standards" based on alleged violations of HIPAA, when no such determination has been made by DHHS, which, under federal law, has the exclusive jurisdiction to make such determinations.

   c. Subjecting Dr. Wassef, or causing him to be subjected to, on behalf of the Iowa Board of Medicine, administrative procedures for contested cases that do not permit direct and timely challenges to the statutory authority and subject matter jurisdiction of the Board with regard to alleged violations of HIPAA.

29. Defendant Thomas J. Miller, acting in his official capacity as Attorney General of the State of Iowa, has deprived, and is depriving, Dr. Wassef of his constitutionally protected property interests, under color of state law, by:

    a. Prosecuting, or causing to be prosecuted, disciplinary charges against Dr. Wassef based on alleged violations of HIPAA, when no such determination has been made by DHHS, which, under federal law, has exclusive jurisdiction to make such determinations.

    b. Asserting, or causing to be asserted, positions that effectively prohibit timely challenge to the Iowa Board of Medicine's statutory authority and subject matter jurisdiction with regard to disciplinary charges based on alleged violations of HIPAA.

30. Pursuant to the Fourteenth Amendment and 28 U.S.C. § 1983, Dr. Wassef is entitled to declaratory judgment and preliminary and permanent injunctive relief in order to end an ongoing violation of federal law.

WHEREFORE, for the reasons set forth, Plaintiff Shafik Wassef, M.D., respectfully requests that the Court grant his request for declaratory judgement that Defendant Kent J. Nebel and Defendant Thomas J. Miller have violated his procedural due process rights, in violation of the Fourteenth Amendment of the United States Constitution and 28 U.S.C. § 1983, together with orders for preliminary and permanent injunctive relief prohibiting ongoing and future violations. Dr. Wassef further requests any other and additional relief that the Court deems just and equitable under the circumstances, subject to the express limitation of remedies set forth in this Complaint.

Respectfully submitted,

WHITFIELD & EDDY, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309
Telephone: (515) 288-6041
Fax: (515) 246-1474


By /s/ *Jason M. Casini*
    Jason M. Casini    AT0001475
    casini@whitfieldlaw.com


By /s/ *Bryn E. Hazelwonder*
    Bryn E. Hazelwonder    AT0014177
    hazelwonder@whitfieldlaw.com

FOR PLAINTIFF SHAFIK WASSEF, MD